IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
*Greenbelt Division*

IN RE:
Jean Flatley Fritsch
Charles Henry Fritsch, V
    Debtors

Case No. 14-26478-TJC

Capital One, N.A.
    Movant

vs.

Chapter 7

Jean Flatley Fritsch and Charles Henry Fritsch, V
    Debtors

and

Laura J. Margulies
    Chapter 7 Trustee

### MOTION FOR RELIEF FROM AUTOMATIC STAY ON REAL PROPERTY LOCATED AT 6 ROCKY GLEN CT, ROCKVILLE, MARYLAND 20833

COMES NOW, Capital One, N.A. (hereinafter "Movant"), its assigns and/or its successors in interest, by and through counsel, moves for relief from the automatic stay of 11 U.S.C. § 362(a) pursuant to Fed. R. Bankr. P. Rules 4001, 9014, and Maryland Local Bankr. Rule 4001, and respectfully represents as follows:

    1.  Jurisdiction is based on 28 U.S.C. §§ 157 and 1334 of the United States Bankruptcy Code.  The relief requested may be granted in accordance with the provisions of 11 U.S.C. §§ 105(a) and 362(d) and pursuant to Fed. Bank. Proc. Rules 9013 and 4001.

2. On or about October 26, 2014, Jean Flatley Fritsch and Charles Henry Fritsch, V (hereinafter "Debtors") filed a voluntary petition in this Court under Chapter 7 of the United States Bankruptcy Code.

3. Laura J. Margulies is the duly appointed Chapter 7 Trustee of the Debtors' bankruptcy estate.

4. At the time of initiation of the bankruptcy proceedings, the Debtors owned a parcel of real estate located in Montgomery County, Maryland, and improved by a residence known as 6 Rocky Glen Ct, Rockville, Maryland 20833 (hereinafter the "Property").

5. Movant is a secured creditor of the Debtors whose interest is evidenced by a promissory note ("Note") dated September 25, 2006, in the original principal amount of $377,000.00 with interest at the original note rate of 7.750%. A copy of the promissory note is attached.

6. Said Note is secured by a certain Deed of Trust also dated September 25, 2006 and recorded in Liber 33237, Folio 257 among the land records of Montgomery County, Maryland, related to the Property. A copy of the deed of trust is attached.

7. Movant now seeks relief from the automatic stay against Debtors pursuant to 11 U.S.C. § 362(d)(1) for Debtors' failure to maintain adequate protection payments to Movant as required by the aforementioned promissory note and deed of trust.

8. The Debtors are in default under the Deed of Trust and Note and are contractually due for: November 30, 2014 through January 30, 2015 payments of $777.50 each for a subtotal of $2,332.50. Consequently, payment arrears alone at this point total $2,332.50.

9. A detailed statement of debt, required by Maryland Local Bankr. Rule 4001-1(b), is itemized as follows:

| | |
|---|---:|
| Unpaid Principal Balance | $368,558.06 |
| Accrued Interest | $2,915.63 |
| Corporate Advances | $1,725.84 |
| Late Charges | $86.08 |
| Total: | $374,111.61 |

This statement of debt is not equivalent to a verified payoff statement. If you wish to receive a verified payoff statement you must request one directly from the lender.

10. Movant lacks adequate protection of its interest in the Property and Movant continues to be irreparably injured by the stay of 11 U.S.C. § 362(a).

11. Movant avers that there is no equity in the Property because the total liens against the Property exceeds its fair market value. In addition to the Movant's claim, Debtors' Schedule D lists Ocwen Loan Servicing LLC as an additional creditor with the claim totaling $420,384.00 secured by the Property. Debtors' Schedule D lists the market value of the Property as $775,401.00. Maryland Bankr. Rule 4001-1(b)(6).

12. Cause exists for terminating the automatic stay imposed by 11 U.S.C. § 362(a) to enable Movant to avail itself of its rights and remedies under its promissory note, security instrument, and state law, including but not limited to the commencement of foreclosure proceedings against the Property.

WHEREFORE, the Movant, its assigns and/or successors-in-interest prays that this Court:

1. Enter an order terminating the automatic stay imposed by 11 U.S.C. § 362(a) of the United States Bankruptcy Code to enable Movant, its successors and/or assigns, to avail itself of its rights and remedies under the promissory note, deed of trust, and state law, including but not limited to the initiation of foreclosure proceedings against the property located at 6 Rocky Glen Ct, Rockville, Maryland 20833 and to allow successful purchaser to obtain possession of same; and,

2. Grant such other and further relief as may be just and necessary.

Respectfully submitted,

Date:  Octej 6, 2015          /s/ Gene Jung, Esq.
Gene Jung, Esq., MD Fed. Bar No. 14950
Brock & Scott, PLLC
7564 Standish Place, Suite 115
Rockville, Maryland  20855
(410) 306-7821
(410) 884-2826 facsimile
gene.jung@brockandscott.com

*Counsel for Movant*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  6ỵ   day of   O ctej  , 2015, to the extent that the following person(s) were not served electronically *via* the CM/ECF system, I mailed a copy of the foregoing Motion for Relief from Automatic Stay, by first class, postage prepaid, to:

James Greenan, Esq.  
 6411 Ivy Lane  
Suite 200  
Greenbelt, MD 20770  
*Counsel for Debtor*

Jean Flatley Fritsch  
2902 Route 97  
Glenwood, MD 21738  
*Debtor*

Charles Henry Fritsch, V  
2902 Route 97  
Glenwood, MD 21738  
*Debtor*

Laura J. Margulies  
6205 Executive Blvd.  
Rockville, MD 20852  
*Chapter 7 Trustee*

      */s/ Cecily Perry*            
Cecily Perry