IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| **In re:** | * | |
| **CHARLES HENRY FRITSCH, V** | * | Case No. 14-26478-TJC |
| **JEAN FLATLEY FRITSCH** | | Chapter 7 |
| | * | |
| **Debtors.** | | |
| | * | |
| * * * * * * | * | |
| **LAURA J. MARGULIES, TRUSTEE** | * | |
| **6205 EXECUTIVE BLVD.** | | |
| **ROCKVILLE, MD 20852** | * | |
| **Plaintiff** | * | |
| v. | * | Adv. No. |
| **MARY MARGARET GREEN** | * | |
| **2000 WESTFIELD ST** | | |
| **ALEXANDRIA, VA 22308** | * | |
| **HELEN EILEEN WALLACE** | * | |
| **207 SUZANNE AVE** | | |
| **CAPE MAY, NJ 08204** | * | |
| or | | |
| **1149 MEDGAR EVERS ST** | * | |
| **ANNAPOLIS, MD 21403** | | |
| | * | |
| **JULIA ANN SCHOENSTER** | | |
| **2910 SOUTHAVEN DR.** | * | |
| **ANNAPOLIS, MD 21401** | | |
| | * | |
| **JOHN PETER FLATLEY** | | |
| **120 W MARKET ST** | * | |
| **SNOW HILL, MD 21863** | | |
| | * | |
| **JAMES MICHAEL FLATLEY** | | |
| **4 GEORGETOWN CT.** | * | |
| **ANNAPOLIS, MD 21403** | | |

| | |
|---|---|
| **JEAN LOUISE FRITSCH** | * |
| **2902 ROUTE 97** | |
| **GLENWOOD, MD 21738** | * |
| | |
| **CATHERINE ELIZABETH FLATLEY** | * |
| **7425 KATHYDALE RD** | |
| **PIKESVILLE, MD 21208** | * |
| | |
| **Defendants** | * |

___

### TRUSTEE'S COMPLAINT FOR
### AUTHORITY TO SELL THE DEBTORS' INTEREST,
### FREE AND CLEAR OF THE INTERESTS OF THE REMAINING
### BENEFICIARIES OF THE JOHN W. FLATLEY LIVING TRUST, IN
### REAL PROPERTY LOCATED IN MARYLAND AND PENNSYLVANIA

Laura J. Margulies, Chapter 7 Trustee of the bankruptcy estate of Charles Henry Fritsch, V and Jean Flatley Fritsch (the "Debtors"), by and through the undersigned counsel, Offit Kurman, P.A., hereby files this Complaint for Authority to Sell the Debtor's Interest, Free and Clear of the Interests of the Remaining Beneficiaries of the John W. Flatley Living Trust, in real property located in Maryland and Pennsylvania pursuant to 11 U.S.C. § 363(h) and in support thereof states as follows:

### A.
### Background and Procedural Posture

1. The Debtors filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on October 26, 2014 in Case No. 14-26478 TJC (the "Bankruptcy Petition" or the "Bankruptcy Case" or "Bankruptcy Estate").

2. Laura J. Margulies is the duly appointed and qualified Trustee of the Debtor's Bankruptcy Estate (the "Trustee").

3. This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§151, 157, and 1334, 11 U.S.C. §363, and the Local Rules of the United States District

Court for the District of Maryland. This is a "core proceeding" in which this Court may hear and enter appropriate judgments pursuant to 28 U.S.C. §157.

4. In Schedule B – Personal Property, Question 20, the Debtors listed the John W. Flatley Living Trust – Spendthrift Trust in which the wife of the Debtor, Jean Flatley Fritsch, had an interest scheduled with a value of zero (0) ("Flatley Trust"). [DE 14].

5. The Debtors did not claim an exemption for the Flatley Trust.

6. The Debtors provided the Trustee with a copy of the Flatley Trust dated July 23, 1998, and the First Amendment to the Flatley Trust dated August 4, 2010 (the "Flatley Trust Amendment"). **See:** Exhibits 1 and 2.

7. Flatley Trust Article One - Trust Creation, Section 1, Parties to My Trust, states as follows:

> This trust agreement dated July 23, 1998 is made between John W. Flatley, the Trustor, also known as JOHN WILLIAM FLATLEY, the Trustor and the following initial Trustees: JOHN W. FLATLEY and ANNA B. FLATLEY.

8. Flatley Trust Article One - Trust Creation, Section 5 My Family, (a) Marital Status, identifies Anna B. Flatley as the spouse of John W. Flatley ("Spouse").

9. Flatley Trust Article One - Trust Creation, Section 5 My Family, (b) The names and birth dates of my children, identifies the following individuals as the children of John W. Flatley:

| Name | Birth Date |
|---|---|
| Mary Margaret Green | Redacted |
| Helen Eileen Wallace | Redacted |
| Julia Ann Schoenster | Redacted |
| John Peter Flatley | Redacted |
| James Michael Flatley | Redacted |
| Jean Louise Fritsch | Redacted |
| Catherine Elizabeth Flatley | Redacted |

10. Jean Louise Fritsch, who is identified as one of the children of John W. Flatley, is the same individual as the Debtor, Jean Flatley Frisch.

11. Flatley Trust Article Seven - Division into Survivor's Trust and Family Trust, Section 1 - Division of the Trust, provides for the disposition of property in the Flatley Trust upon the death of John W. Flatley into the Survivor's Trust and the Family Trust as follows:

> Upon my death my Trustee shall allocate and distribute the remaining trust estate including any property that becomes distributable or payable to my Trustee at my death into two separate shares to be identified as the Survivor's Share and the Family Share.

12. Flatley Trust Article Eight - Survivor's Trust, Section 1 - Rights of Surviving Spouse in the Survivor's Trust, provides for distribution of the assets of the Survivor's Trust to the Spouse of John W. Flatley.

13. Flatley Trust Article Eight – Survivor's Trust, Section 5 – Administration of Survivor's Trust Remainder, provides for the administration of any balance of the Survivor's Trust to the Family Trust and states as follows:

> After payment of debts, expenses and taxes my Trustee shall hold and administer the unappointed balance or remainder of the Survivor's Trust as provided in the Articles that follow.

14. Flatley Trust Article Nine – Family Trust, Section 2 – Termination of the Family Trust, provides for the termination of the Family Trust upon the death of John W. Flatley's Spouse as follows:

> On the death of my surviving spouse, the Family Trust shall terminate. All undistributed trust assets, including any accrued and undistributed net income, shall be held, administered and distributed in the Articles that follow.

15. Flatley Trust Article Eleven – Division and Distribution of Trust Property, Section 1 – Division of Trust Property Into Shares, provides for the division and subsequent

distribution of the trust property to the seven children of John W. Flatley ("Flatley Trust Beneficiaries") in seven (7) equal shares as follows:

> My Trustee shall divide all trust property not previously distributed into separate shares as follows:

| Beneficiary Name | Share |
|---|---|
| Mary Margaret Green | 1/7 |
| Helen Eileen Wallace | 1/7 |
| Julia Ann Schoenster | 1/7 |
| John Peter Flatley | 1/7 |
| James Michael Flatley | 1/7 |
| Jean Louise Fritsch | 1/7 |
| Catherine Elizabeth Flatley | 1/7 |

16. Flatley Trust Article Eleven – Division and Distribution of Trust Property, Section 2 – Distribution of Trust Shares for My Beneficiaries, (f) Distribution of Trust Shares for Jean Louise Fritsch, provides for the terms of distribution to each of the Flatley Trust Beneficiaries, including the distribution of all accumulated net income and principal, free of the Flatley Trust to the Debtor, Jean Flatley Fritsch (a/k/a Jean Louise Fritsch) as follows:

> The trust share of each beneficiary named in Section 1 of this Article who survives me shall be held, administered and distributed as follows:
>
> f.   Distribution of Trust Share for JEAN LOUISE FRITSCH
>
> The trust share set aside for JEAN LOUISE FRITSCH shall be held, administered and distributed as follows:
>
> 1. Distribution of Net Income and Principal, free of the trust.

17. On April 3, 2011, John W. Flatley died, leaving his spouse, Anna B. Flatley, and children as his survivors. **See:** Exhibit 3.

18. On October 19, 2011, Anna B. Flatley died, satisfying the remaining requirement for distribution of the Flatley Trust property to the Debtor, Jean Flatley Fritsch. **See:** Exhibit 4.

19. As a result of the death of John W. Flatley and Anna B. Flatly, the terms of the Flatley Trust have been satisfied, the restrictions under any spendthrift provision have expired and proceeds of the Flatley Trust are distributable to the beneficiaries thereof.

20. Flatley Trust Article Two - The Trust Estate, Section 5 – Trust Property Schedule, identifies the property transferred to the Flatley Trust as follows:

> The trust property transferred to my trust is set forth on Schedule "A" (the "Flatley Trust Property").

21. Flatley Trust Schedule A lists various trust property, which included the following real property:

> ½ interest as Tenant in Common in
> 2001 Twin Lakes Drive, Jarrettsville, Maryland 21084
>
> 1870 Edgewood Road, Baltimore, Maryland 21234
> Baltimore County, Maryland
>
> 67 Falls Road, Delta, Pennsylvania
> York County, Pennsylvania

22. On March 30, 2011, the Flatley Trust Property located at 2001 Twin Lakes Drive, Jarrettsville, Maryland 21084 was sold through an arms-length transaction to an unrelated third party. **See:** Exhibit 5.

23. The Flatley Trust Property located at 1870 Edgewood Road, Baltimore, Maryland 21234 is titled in the name of "John W. Flatley and Anna B. Flatley, Trustees, or their successors in trust under the JOHN W. FLATLEY LIVING TRUST dated July 23, 1998, and any amendments thereto" (the "Maryland Property"). **See:** Exhibit 6.

24. The Maryland Property is not subject to any liens of record, the mortgage securing the Maryland Property having been satisfied and released of record on December 27, 1977. **See:** Exhibit 7.

25. The York County, Pennsylvania Property Tax records lists the John Flatley and Helen Flatley as the owners of the property located at 67 Falls Road, Airville, Pennsylvania 17302 ("Pennsylvania Property").  **See:** Exhibit 8.

26. Upon information and belief, the Pennsylvania Property is not subject to any liens or encumbrances.

27. The Last Will of John W. Flatley ("Flatley Will"), dated August 4, 2010, Article Three – Disposition of My Property, Section 1 – Distribution to My Revocable Living Trust transfers all property of John W. Flatley to the Flatley Trust as follows:

> I give all of my property of whatever nature and kind and wherever located to my revocable living trust of which I am a Trustor known as:
>
> JOHN W. FLATLEY, ANNA B. FLATLEY AND MARY MARGARET GREEN, Trustees, or their successors in trust, under the JOHN W. FLATLEY LIVING TRUST dated JUL 23, 1998 and any amendments thereto.

**See:** Exhibit 9.

28. Pursuant to Schedule A of the Flatley Trust and the terms of the Flatley Will, the Pennsylvania Property is an asset of the Flatley Trust, subject to distribution to the Debtor, Jean Flatley Fritsch.

29. The Debtors' interest in the Maryland Property and the Pennsylvania Property are assets of the Debtor's Bankruptcy Estate.

30. The Maryland Property has an approximate value of One Hundred Seventy-Nine Thousand Five Hundred Ninety-Seven and 00/100 Dollars ($179,597.00).  **See:** Exhibit 10.

31. The Debtors' 1/7 interest in the Maryland Property, without deductions for cost of sale, totals Twenty-Five Thousand Six Hundred Fifty-Six and 71/100 Dollars ($25,656.71).

32. The Pennsylvania Property has an approximate value of Seventy-Two Thousand One Hundred Thirty-Three and 00/100 Dollars ($72,133.00).  **See:** Exhibit 11.

33. The Debtors' 1/7 interest in the Pennsylvania Property, without deduction for cost of sale, totals Ten Thousand Three Hundred Four and 71/100 Dollars ($10,304.71).

34. The Debtors' combined interest in the Maryland Property and the Pennsylvania Property totals Thirty-Five Thousand Nine Hundred Sixty-One and 42/100 Dollars ($35,961.42).

35. Upon information and belief, the Flatley Trust Property includes rent received from the Maryland Property, which is used for insurance, maintenance and property taxes on the Maryland Property.

36. The Trustee contends that the Debtors' interest in the Maryland Property and the Pennsylvania Property, totaling Thirty-Five Thousand Nine Hundred Sixty-One and 42/100 Dollars ($35,961.42) is an asset of the Bankruptcy Estate and is recoverable by the Trustee for distribution to creditors.

37. Upon granting of the relief sought in this Complaint, the Trustee intends to sell the Maryland Property and the Pennsylvania Property.

## COUNT I - SELL PROPERTY FREE AND CLEAR OF CO-OWNERS' INTEREST

38. The Trustee re-alleges and re-incorporates Paragraphs 1 through 36 as if fully set forth at length herein.

39. As stated above, the net proceeds of the Maryland Property and the Pennsylvania Property will be distributed to and split pursuant to the one-seventh (1/7) interest between the Bankruptcy Estate and the remaining six (6) Flatley Trust Beneficiaries.

40. The Trustee submits that approval of the sale of the Debtors' interest in the Maryland Property and the Pennsylvania Property is warranted in this case under 11 U.S.C. §363(h) because (i) the partition of the Maryland Property and the Pennsylvania Property among the Bankruptcy Estate and the interest of the Flatley Trust Beneficiaries is impracticable; (ii) the

sale of the Bankruptcy Estate's undivided interest in the Maryland Property and the Pennsylvania Property would realize significantly less for the Bankruptcy Estate than sale of the Maryland Property and the Pennsylvania Property free of the interest of the Flatley Trust Beneficiaries; (iii) the benefit to the Bankruptcy Estate of a sale of the Maryland Property and the Pennsylvania Property free of the interest of the Flatley Trust Beneficiaries outweighs the detriment to the interest of the Flatley Trust Beneficiaries; and (iv) the Maryland Property and the Pennsylvania Property are not used in the production, transmission, or distribution for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

41.     Pursuant to Local Rule 9013-2, the Trustee will rely solely upon this Motion and will not file an accompanying memorandum.

WHEREFORE, the Chapter 7 Trustee requests that this Court authorize the Trustee to:

a.     Sell the Debtor's Interest, free and clear of the interest of the remaining beneficiaries of the John W. Flatley Living Trust, in Real Property located in Maryland and Pennsylvania pursuant to §363(h); and

b.     Distribute six-sevenths (6/7) of the net proceeds, after satisfaction of the costs of sale and the Trustee's expenses to administer the Maryland Property and the Pennsylvania Property, to the Flatley Trust Beneficiary Defendants; and

   c. Grant such other and further relief as this Court may deem just, equitable and proper.

Dated: October 6, 2016   Respectfully submitted

    */s/ James M. Hoffman*
    James M. Hoffman (Fed. Bar No. 04914)
    Offit Kurman, P.A.
    4800 Montgomery Lane, Suite 900
    Bethesda, MD 20814
    O (240) 507-1700
    F (240) 507-1735
    jhoffman@offitkurman.com
    *Counsel for the Trustee*

4837-9530-5016, v. 5